UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DUANE BARTHOLOMEW PETERS,

  Petitioner,

    v.

BARACK HUSSEIN OBAMA,

  Defendant.

Misc. Action No. 10-298 (CKK)

MEMORANDUM OPINION
(June 21, 2010)

Plaintiff Duane Bartholomew Peters, proceeding *pro se*, filed the above-captioned miscellaneous action on April 22, 2010, naming President Barack Obama as Defendant. Plaintiff appears to be a prisoner currently incarcerated at the Pennsylvania State Correctional Institute located in Dallas, Pennsylvania. He has submitted a filing captioned an "Application for Order of Relief [and] Notice of Administrative Default Judgement By Certificate of Non-Response." *See* Docket No. [1] (hereinafter, "App."). As set forth in that Application, Plaintiff claims that he is a "foreign official of the Government of the Moor Empire of the Imperial Dominion of Amexem." *Id.* at 1. Plaintiff further claims that the Imperial Dominion of Amexem is a "non-franchise sovereign" that has been "formal[ly] recognized" by the United States. *Id.*

According to Plaintiff, on or about July 26, 2009, President Obama was served with an "Imperial Writ of Habeas Corpus - Imperial Demand for Immediate Disclosure of the Reasons for Such Imprisonment of the Moorish Sovereign Citizen of the Imperial Dominions of Amexem." *Id.* Plaintiff further alleges that this "Imperial Writ of Habeas Corpus" was issued under "the authority of the Imperial Court of Amexem - War Tribunal of the Emperor of

Amexem" and required President Obama to "make known to the Emperor of Axemem the true Nature and Cause and lawful reasons for such imprisonment, or of deprivation, of said Citizen of Amexem's Liberty." *Id.* at 1-2. When President Obama failed to respond, Plaintiff alleges that he was served with a "Notice of Fault and Opportunity to Cure" and was given an additional 72 hours to respond. *Id.* at 2. Plaintiff further claims that on September 2, 2009, having received no response, the "Imperial Court of Amexem issued its order entering Default Administrative Judgment against Defendant and in favor of Plaintiff" and requiring President Obama to immediately release Plaintiff from custody. *Id.* at 3.

It is well-settled that "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citations and internal quotation marks omitted); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it 'is 'patently insubstantial,' presenting no federal question suitable for decision.'") (quoting *Best v. Kelly*, 39 F.3d 328, 300 (D.C. Cir. 1994)). Claims are patently insubstantial if they are "flimsier than 'doubtful or questionable' . . . 'essentially fictitious.'" *Best*, 39 F.3d 328. "[A] district court may dismiss a complaint *sua sponte* prior to service on the defendants pursuant to Fed. R. Civ. P. 12(h)(3) when, as here, it is evident that the court lacks subject matter jurisdiction." *Evans v. Suter*, Civ. Act. No. 09-5242, 2010 WL 1632902, * 1 (D.C. Cir. Apr. 2, 2010); *see also Watson v. United States*, Civ. Act. No. 09-268, 2009 WL 377136, * 1 (D.D.C. Feb. 13, 2009) (noting that a court may dismiss a case *sua sponte* where the allegations are so patently frivolous that the court lacks the power to entertain the suit).

2

Plaintiff's allegations clearly meet this standard. As explained above, Plaintiff alleges that President Obama has been served with an "Imperial Writ of Habeas Corpus" by the "Imperial Dominion of Axemem," and that President Obama failed to respond to that writ, was subsequently found to be in "default" by the "Imperial Court of Amexem," and is now required to immediately release Plaintiff from the Pennsylvania State Correctional Institute. Although mindful that documents filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *Brown v. District of Columbia*, 514 F.3d 1279, 1283 (D.C. Cir. 2008), Plaintiff's claims nonetheless are plainly fantastic and "essentially fictitious." *Best*, 39 F.3d at 330. Accordingly, the Court shall DISMISS this miscellaneous action *sua sponte* for lack of subject matter jurisdiction. An appropriate Order accompanies this Memorandum Opinion.

Date: June 21, 2010

                    */s/*
                    **COLLEEN KOLLAR-KOTELLY**
                    United States District Judge